IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NICHOLAS WELCH,

                    Plaintiff,

                                              Case No. 25-cv-01941-MAB

v.

C/O WILLIAMSON,
C/O HAWK, and
C/O CASTRO,

                    Defendants.

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Nicholas Welch, an inmate of the Illinois Department of Corrections who is currently incarcerated at Lawrence Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while he was housed at Pinckneyville Correctional Center. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

---

[1] The Court has jurisdiction to screen the Complaint in light of Plaintiff's consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections' limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Illinois Department of Corrections and this Court.

## THE COMPLAINT

Plaintiff alleges the following: On July 19, 2025, while housed at Pinckneyville Correctional Center, Plaintiff was asking for medical attention when Correctional Officer Williamson and Sergeant Bryan came to Plaintiff's cell, punched Plaintiff, and sprayed Plaintiff with mace. (Doc. 1, p. 5, 6). Correctional Officer Castro, Correctional Officer Hawk, Sergeant Harber, and others watched while Williamson and Bryan beat Plaintiff and did not intervene to protect him. (*Id.*). At the time of the assault, Plaintiff was disabled and not a threat. (*Id.*). Plaintiff was then left in his cell for fifteen minutes to suffer. (*Id.* at p. 5). Internal Affairs Officers came to the cell and took Plaintiff to the shower so that he could clean the mace from his body. (*Id.* at p. 6). Plaintiff sustained a "lump on [the] head and [a] gash on [his] foot [along] with other trauma." (*Id.* at p. 7). He was not provided with medical treatment for his wound. (*Id.* at p. 6).

## PRELIMINARY DISMISSALS

As a preliminary matter, the Complaint includes allegations against Sergeant Bryan and Sergeant Harber, but these individuals are not identified as defendants in the case caption or Plaintiff's list of defendants. (Doc. 1, p. 1-2). The Court will not treat parties not listed in the caption as defendants, and any claims against them are dismissed without prejudice. *See Myles v. United States,* 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption").

## DISCUSSION

Based on the allegations and Plaintiff's articulation of his claims in the Complaint, the Court designates the following counts:

**Count 1:**     Eighth Amendment claim against Williamson for the use of excessive force against Plaintiff on July 19, 2025.

**Count 2:**     Eighth Amendment claim against Castro and Hawk for failing to intervene and prevent or stop the use of excessive force against Plaintiff on July 19, 2025.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

"The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *De Walt v. Carter*, 224 F.3d 607, 619 (7th Cir.2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is. . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7.

Here, Plaintiff's assertions that Williamson punched him and sprayed him with mace when he was not posing any threat are sufficient for Count 1 to proceed against Williamson.

Plaintiff's claim against Hawk and Castro for their failure to intervene and stop

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

the use of excessive force by Williamson also survives preliminary review. Officers who observe a fellow officer using excessive force and have a realistic opportunity to intervene—but choose not to—may be held liable for the resulting constitutional violation. *See Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000); *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994). Count 2 will therefore proceed against Hawk and Castro.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Williamson. **COUNT 2** shall proceed against Hawk and Castro.

The Clerk of Court shall prepare for Williamson, Hawk, and Castro the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address

shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit includes allegations regarding physical injury, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**Pursuant to Administrative Order No. 244, Defendants need only to respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 2, 2026**

_Mark A. Beatty_

**MARK A. BEATTY**
**United States Magistrate Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.